# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANTOINE DUPREE CRAWFORD, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) **AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) 1:08CV756 |
| Defendant. | ) |

This matter is before the court on a motion to dismiss or, in the alternative, for summary judgment (docket no. 7) by Defendant United States. Plaintiff has responded in opposition to the motion. In this posture, the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion must be dealt with by way of recommendation. For the following reasons, it will be recommended that the court grant Defendant's motion to dismiss.

**BACKGROUND AND FACTS**

Plaintiff, a former federal prisoner, brought this action pursuant to the Federal Tort Claims Act, alleging that employees at a federal prison in West Virginia were negligent in providing him with medical care while at the prison. For purposes of the pending motion to dismiss, the allegations in Plaintiff's complaint are taken as true. Plaintiff alleges that medical personnel were negligent in caring for him while he was imprisoned at Beckley Federal Correctional Institution in West Virginia. More

specifically, Plaintiff alleges that on or about May 11, 2006, he sought treatment for headaches, dizziness, and numbness over a period of time. Nurse Practitioner J. Rowe, a prison employee, gave him medication and told Plaintiff to return if his symptoms recurred. On February 12, 2007, Plaintiff sought treatment for stomach cramps that he had been experiencing for about a month. Nurse Rowe treated him for stomach cramps. On or about April 16, 2007, Plaintiff completed a medical form requesting treatment for dizziness, head pain, and aches. On or about April 25, 2007, Nurse Rowe treated Plaintiff with medication and told him to return in three weeks for follow-up. On or about July 5, 2007, Plaintiff had a stroke, leaving him with physical impairments. Plaintiff alleges that Nurse Rowe had the authority to initiate a medical treatment request for treatment by a physician in response to his various ailments but that Rowe failed to do so.

Plaintiff alleges a single claim against Defendant United States–negligent medical care under the Federal Tort Claims Act based on the following alleged conduct by Defendant: (1) Defendant's failure to accurately diagnose Plaintiff's medical history; (2) failure to refer Plaintiff to a physician for treatment in a timely fashion; (3) failure to perform or refer Plaintiff for appropriate diagnostic testing; (4) failure to accurately interpret the results of diagnostic procedures; and (5) failure to timely refer or consult with a physician in view of Plaintiff's physical condition.

Plaintiff alleges that, as a result of Defendant's negligence, Plaintiff will be compelled to undergo future medical treatment and suffers from excruciating

physical pain as well as emotional anxiety and distress. Plaintiff notes that on October 29, 2007, he filed an administrative claim for settlement with the United States Bureau of Prisons for $50,000, and on April 18, 2008, Defendant denied his claim by registered mail. Plaintiff filed this action on October 20, 2008, requesting $50,000 in compensatory damages, plus costs.

**STANDARD OF REVIEW**

In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

The duty of fair notice under Rule 8(a), however, requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Supreme Court has instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citation omitted). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)

3

(clarifying *Twombly*). With these principles in mind, the court now turns to the motion to dismiss.

**DISCUSSION**

Defendant United States contends that Plaintiff's claim for negligence against Defendant should be dismissed because it is barred by the statute of limitations and because he failed to file a screening certificate as required under the West Virginia Medical Professional Liability Act. I find that the case should be dismissed on the sole ground that Plaintiff failed to file a screening certificate as required under the West Virginia Medical Professional Liability Act.[1]

The Federal Tort Claims Act ("FTCA") waives federal sovereign immunity and allows suits against the United States for personal injuries caused by governmental employees acting in the scope of their employment. *See* 28 U.S.C. §§ 1346(b), 2671 et seq. Under the FTCA, a plaintiff may recover monetary awards from the United States for injury, property loss, or death "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope . . . of employment." *See id.* § 1346(b)(1). The United States may be held liable only if the conduct complained of amounts to negligence "in accordance with the law of the place where the act or omission occurred." *Id.* Therefore, liability under the FTCA is governed by state law. *Rayonier Inc. v. United States*, 352 U.S. 315, 318

---

[1] In an order dated July 10, 2009, the undersigned found that the action is not time-barred, and Defendant does not appear to contest that finding. (*See* docket no. 15.)

(1957); *Myrick v. United States*, 723 F.2d 1158, 1159 (4th Cir. 1983) ("In actions brought under the FTCA, federal courts apply the substantive law of the state in which the act or omission giving rise to the action occurred.").

The parties agree that West Virginia law applies to Plaintiff's negligence claim because his alleged injuries occurred while he was incarcerated in West Virginia. Claims of medical negligence in West Virginia are subject to the requirements of the West Virginia Medical Professional Liability Act ("MPLA"), W. VA. CODE § 55-7B-1 et seq. The MPLA states that to prove medical negligence, the plaintiff has the burden to show the following:

> (1) The health care provider failed to exercise that degree of care, skill and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and
> (2) Such failure was a proximate cause of the injury or death.

W. VA. CODE § 55-7B-3(a). Ordinarily, a claim of medical malpractice must be supported by expert testimony. *See Osborne v. United States*, 166 F. Supp. 2d 479, 497 (S.D. W. Va. 2001); W. VA. CODE § 55-7B-7(a) ("The applicable standard of care and a defendant's failure to meet the standard of care, if at issue, shall be established in medical professional liability cases by the plaintiff by testimony of one or more knowledgeable, competent expert witnesses if required by the court."). Expert testimony is not necessary when a physician's "lack of care or skill is so great and gross that expert testimony is unnecessary." *Osborne*, 166 F. Supp. 2d at 498 n.13.

The MPLA further states that before a plaintiff files a lawsuit alleging a claim for medical malpractice, the plaintiff must first serve a notice of claim and a screening certificate of merit.[2]  *See* W. VA. CODE § 55-7B-6; *Stanley v. United States*, 321 F. Supp. 2d 805, 806-07 (N.D. W. Va. 2004).  The screening certificate of merit is a statement from a medical expert opining that the standard of care was breached and, thus, serves to prevent frivolous claims and promote the pre-suit resolution of non-frivolous claims.  *See Callahan v. Cho*, 437 F. Supp. 2d 557, 562 n.10 (E.D. Va. 2006); *Stanley*, 321 F. Supp. 2d at 809.  The certificate requirement may be excused only if "the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care."  W. VA. CODE § 55-7B-6(c); *Callahan*, 437 F. Supp. 2d at 562.  Even then, the plaintiff must still file "a statement specifically setting forth the basis

---

[2]  More specifically, the MPLA states in relevant part:

> At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation.  The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit.  The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) [t]he expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death.

W. VA. CODE § 55-7B-6(b).

of the alleged liability of the health care provider in lieu of a screening certificate of merit." W. VA. CODE § 55-7B-6(c).

Here, it is undisputed that Plaintiff did not file the requisite screening certificate, and Plaintiff's contention that a filing was not required is without merit. That is, I agree with Defendant that this is not a case based on a well-established legal theory of liability that would not require expert testimony. Furthermore, on July 10, 2009, the undersigned entered an order granting Plaintiff thirty days in which to file a screening certificate of merit. (*See* docket no. 15.) Plaintiff was advised that if he failed to do so, he risked dismissal of this action. Despite being given the thirty days in which to file the screening certificate, plus an additional extension of time to do so after a motion for extension by Plaintiff, Plaintiff never filed a screening certificate of merit. In sum, Defendant's motion to dismiss should be granted.

**CONCLUSION**

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant's motion to dismiss (docket no. 7) be **GRANTED** and that this case be dismissed.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
February 1, 2010

7